UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

CORY TERRELL JONES,

Plaintiff,

-against-

NASSAU COUNTY, HEMPSTEAD POLICE DEPARTMENT and POLICE OFFICER MR. COUSIN BDG# 1217,

Defendants.

-------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
16-CV-1448 (JFB) (GRB)

**GARY R. BROWN, United States Magistrate Judge:**

Incarcerated plaintiff Cory Terrell Jones brings this action *pro se,* pursuant to 42 U.S.C. § 1983 ("Section 1983"), against defendants Nassau County ("County"), Hempstead Police Department and Police Officer Anthony Cousins (the latter two defendants are collectively referred to as the "Hempstead Defendants") seeking damages for the alleged violations of his constitutional and civil rights emanating from the purported use of excessive force during an arrest that occurred on October 2, 2015. Presently before the undersigned on referral from the Honorable Joseph F. Bianco are motions to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), for failure to state a claim upon which relief can be granted, filed by all three defendants. As discussed in further detail below, because Nassau County correctly argues that the allegations fail to identify any act by any County employee or agent, the undersigned respectfully recommends that the County's motion to dismiss be granted. In addition, the undersigned respectfully recommends that the Hempstead Defendants' motions to dismiss be granted in part and denied in part, as further specified below.

## FACTUAL BACKGROUND

The following facts are taken from plaintiff's Amended Complaint. DE 57. Those facts are construed in the light most favorable to plaintiff, the non-moving party and are assumed to be true for purposes of this motion. As is discussed further herein, the Hempstead Defendants urge the Court to take judicial notice of trial and plea transcripts, which, even if such documents may be considered, prove immaterial in connection with this motion. *See* DE 68-2.

The events giving rise to this action stem from plaintiff's arrests on October 2, 2015. *See generally* DE 43. In the amended complaint, the plaintiff describes, in somewhat vivid detail, "being brutally beaten" during his arrest. *Id.* at ¶ 1. According to the amended complaint, the plaintiff "collapsed several times" and "even while down in a fetal position, [Officer Cousins] continued to brutally beat me up." *Id.* Plaintiff alleges that repeated blows to his legs led to "burning and numbness" such that additional officers were needed to assist him in getting out of the police vehicle. *Id.* at ¶ 2. The allegations state that the wounds sustained were so serious that, during the booking process, his "sneakers were filled with [his] blood," and that he grew pale and lightheaded. *Id.* at ¶ 3. Plaintiff reports that after three to four hours, he was taken to the hospital by Cousin's partner, noting that "gashes" to his legs made it difficult to walk. *Id.* at ¶ 6.

At the hospital, his wounds were cleaned and bandaged, and plaintiff was provided with painkillers and antibiotics. *Id.* at ¶ 7. Upon his return to jail, plaintiff reports that he was administered painkillers thrice daily, and that his wounds required daily cleaning, examination and rebandaging. *Id.* at ¶ 9. This medical intervention continued for approximately six weeks. *Id.*

In an effort to establish municipal liability, plaintiff alleges that the Hempstead Police Department had and tolerated "a pattern and practice of unreasonable force [by] police officers. *Id.* at ¶ 10. According to the plaintiff, this included the maintenance of a system of review that was "so untimely and cursory as to be ineffective." *Id.* at ¶ 11. This, in turn, plaintiff claims, emboldened police officers to "believe that the excessive and unreasonable use of force would not be aggressively, honestly and properly investigated." *Id.* at ¶ 12. He further alleges that this belief renders officers more likely to use excessive force against plaintiff and others. *Id.* Based on these allegations, the Amended Complaint purports to set forth causes of action for constitutional violations, and seeks $300,000 in damages.

**PROCEDURAL HISTORY**

Plaintiff commenced this action against defendants by filing a Complaint on March 14, 2016. DE 1. After service was perfected, the County moved to stay this action pending the resolution of the related criminal case. DE 19. By Order dated June 20, 2016, the Court granted the motion to stay. DE 20. That stay was vacated on February 14, 2017, and a briefing schedule issued for a motion to dismiss. DE 30.

Defendants filed dispositive motions, while the plaintiff countered with a motion to amend the complaint. DE 32, 42, 43. Because the proposed amended complaint appeared to clarify some of the matters at issue, the motion to amend was granted and the dispositive motions were deemed withdrawn without prejudice to refiling. Electronic Order dated December 20, 2017. Defendants renewed their dispositive motions, which have been referred to the undersigned for report and recommendation. DE 68, 69, 83. This opinion follows.

## DISCUSSION

### A. Standard of Review

These motions are decided under the well-established standard of review of motions made under Rule 12(b)(6), as discussed in *Burris v. Nassau County District Attorney,* No. 14-5540 (JFB) (GRB), 2017 WL 9485714, at *3-4 (E.D.N.Y. Jan. 12, 2017), *adopted by*, 2017 WL 1187709 (E.D.N.Y. Mar. 29, 2017), which discussion is respectfully incorporated by reference herein. Most notably here, under that standard, the Court is required to assume the allegations of the amended complaint to be true for the purposes of the motion. Moreover, where a party is proceeding *pro se*, the court is obliged to construe his pleadings "liberally with special solicitude and interpret [the complaint] to raise the strongest claims that it suggests." *Hogan v. Fischer,* 738 F.3d 509, 515 (2d Cir. 2013); *see Warner v. Colvin,* 744 F.3d 841, 843 (2d Cir. 2014); *Bertin v. United States,* 478 F.3d 489, 491 (2d Cir. 2007) (same). Indeed, this is especially true where, as here, a *pro se* plaintiff avers that defendants have violated his civil rights. *See MacEntee v. IBM,* 471 F. App'x 49, 50 (2d Cir. 2012). Nevertheless, a litigant's *pro se* status does not relieve him of the requirement that his complaint "state a plausible claim for relief." *Hogan,* 738 F.3d at 515; *see Chavis v. Chappius,* 618 F.3d 162, 170 (2d Cir. 2010).

With respect to the Hempstead Defendants' submission of trial and plea transcript pages, judicial notice may be taken of the state court documentation submitted by defendants. *See, e.g., Nicaisse v. Mel S. Harris & Assocs., LLC,* No. 14-CV-1569 (ADS)(AYS), 2015 WL 5561296, at *4 (E.D.N.Y. Sept. 19, 2015) (taking judicial notice of the public records of the New York State Unified Court System available on its website); *Cruz v. Reilly,* No. 08-CV-1245 (JFB)(AKT), 2009 WL 2567990, at *1, n.1 (E.D.N.Y. Aug. 18, 2009) (same). Indeed, judicial notice may be taken of public records, including "arraignments, arrest reports, criminal complaints and

indictments, and certificates of disposition." *Harris v. Nassau County,* No. 13-CV-4728 (NGG) (ST), 2016 WL 3023265, at *3 (E.D.N.Y. May 23, 2016) (collecting cases); *see Johnson v. Pugh,* No. 11-CV-385 (RRM) (MDG), 2013 WL 3013661, at *2 (E.D.N.Y. June 18, 2013) (observing that in Section 1983 actions a court may take judicial notice of a plaintiff's guilty plea, conviction and sentencing in the underlying action). In doing so however, the Court is mindful that "the duty of a court is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Hogan,* 738 F.3d at 514 (internal quotation marks and citation omitted). Furthermore, as the Second Circuit has stressed, whether the Court may consider documents outside the four corners of the complaint on a 12(b)(6) motion depends upon the plaintiff's reliance upon such documents. *See Halebian v. Berv,* 644 F.3d 122, 131, n.7 (2d Cir. 2011).

**B. The County's Motion to Dismiss**

The United States Supreme Court has held that, to maintain an action against a public official under § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[A] plaintiff must establish a given defendant's personal involvement in the claimed violation in order to hold that defendant liable in his individual capacity under § 1983." *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 229 (2d Cir. 2004). Here, the plaintiff alleges violations arising from his arrest by Cousins, a police officer employed by the Village of Hempstead. The County correctly argues that no allegations are made with respect to any agent or employee of the County. Accordingly, the undersigned respectfully recommends that the County's motion to dismiss the Amended Complaint be granted.

**C. Proper Defendants**

With respect to plaintiff's claims against the defendant Hempstead Police Department, "departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot be sued." *Harris*, 2016 WL 3023265, at *12 (holding that because the Nassau County Police Department is an administrative arm of the municipality of Nassau County, any claims against it must be dismissed"); *Pooler v. Hempstead Police Dep't,* 897 F. Supp. 2d 12, 21 (E.D.N.Y. 2012) (dismissing claims against Hempstead Police Department and holding that the Hempstead Police Department is an "administrative arm" of the Village of Hempstead); *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claims against Lynbrook Police Department); *Wilson v. City of New York,* 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992) ("The court also dismisses the claims against the New York City Police Department which cannot be sued independently because it is an agency of the City of New York"). Inasmuch as the Hempstead Police Department does not have a legal identity separate and apart from the Village of Hempstead and thus cannot sue or be sued, plaintiff cannot maintain an action against it.

Accordingly, the undersigned recommends that the motion to dismiss the claims against defendant Hempstead Village Police Department be granted.[1]

**D. Adequacy of Custom and Practice Allegations under Section 1983**

[1] Although plaintiff does not specifically name the Village of Hempstead, consistent with this Court's duty to liberally construe the amended complaint, the complaint could be amended to include the Village as a defendant. Indeed, this is the precise outcome this Court reached in another case in which an incarcerated *pro se* plaintiff named the Hempstead Police Department rather than the Village of Hempstead. *Burris*, 2017 WL 9485714, at *15 ("Plaintiff is therefore deemed to have named the municipalities as defendants"); *cf. Marchand v. Simonson*, 16 F. Supp. 3d 97, 107 (D. Conn. 2014) (deeming as moot motion to dismiss claims against non-suable police department where *pro se* complaint amended to include municipality). However, because of the recommendations relating to the absence of allegations concerning a municipal policy, such a directive would appear to be futile. *See infra.*

As noted above, plaintiff asserts claims pursuant to Section 1983. Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983; *see Filarsky v.* Delia, 566 U.S. 377, 383 (2012) ("Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights under color of state law").

Importantly, a municipal defendant "cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978); *see Jones v. Town of E. Haven,* 691 F.3d 72, 80 (2d Cir. 2012). Rather, a municipal entity may only be held liable under Section 1983 "if the deprivation of the plaintiff's rights under federal law [was] caused by a governmental custom, policy, or usage of the municipality." *Jones,* 691 F.3d at 80; *see also Pipitone v. City of New York,* 57 F. Supp. 3d 173, 194 (E.D.N.Y. 2014) ("[m]unicipalities can only be held liable under § 1983 when they are a 'moving force' behind the constitutional deprivation"); *Hunter v. City of N.Y.,* 35 F. Supp. 3d 310, 322 (E.D.N.Y. 2014) ("[i]n order to sustain a claim for relief pursuant to § 1983 against a municipal defendant, a plaintiff must show the existence of an official policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right"). The official policy or custom need not be explicit and may be inferred from: "(1) a formal policy officially endorsed by a municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising [policymaker] must have been aware; or (4) failure by

policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees." *Dava v. City of New York,* No. 1:15-cv-08575 (ALC), 2016 WL 4532203, at *9 (S.D.N.Y. Aug. 29, 2016) (internal quotation marks and citation omitted).

While plaintiff attempts to allege a municipal policy based upon generalized allegations concerning insufficient review of police actions, he "has made no factual allegations that would support a plausible inference that [municipal] 'policies' or 'customs' caused [the alleged] violations of [his] rights." *Missel v. County of Monroe,* 351 F. App'x 543, 545 (2d Cir. 2009). In upholding the dismissal of a similar complaint, the Second Circuit has held:

> First, although Missel asserts that Hildreth acted pursuant to Monroe County policies of "permitting deputies to publish false statements" and "targeting perceived pedophiles ... for harassment," the complaint contains no facts to support these claims. Compl. ¶¶ 96-98, 99-102. To allege the existence of an affirmative municipal policy, a plaintiff must make factual allegations that support a plausible inference that the constitutional violation took place pursuant either to a formal course of action officially promulgated by the municipality's governing authority or the act of a person with policymaking authority for the municipality. *Vives v. City of N.Y.*, 524 F.3d 346, 350 (2d Cir.2008) (*citing Pembaur v. City of Cincinnati,* 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)). Missel has made no allegation that any official policymaker or policymaking body took any action to establish either of the policies he alleges. The allegations that Hildreth acted pursuant to a "policy," without any facts suggesting the policy's existence, are plainly insufficient. *See, e.g., Dwares v. City of New York*, 985 F.2d 94, 100-02 (2d Cir.1993).

*Id.* at 545-46. Here, the only factual support for the asserted unconstitutional policy is the alleged assault upon plaintiff himself. "Normally, a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the municipality." *Askew v. Lindsey*, No. 15-CV-7496 (KMK), 2016 WL 4992641, at *3 (S.D.N.Y. Sept. 16, 2016) (quoting *Tieman v. City of Newburgh*, No. 13-CV-4178, 2015 WL 1379652, at *12 (S.D.N.Y. Mar. 26, 2015)); *see also City of Okla. City v. Tuttle*, 471 U.S. 808, 823–24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability

under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy ... [that] can be attributed to a municipal policymaker"); *Brogdon v. City of New Rochelle*, 200 F. Supp. 2d 411, 427 (S.D.N.Y. 2002) ("A single incident by itself is generally insufficient to establish the affirmative link between the municipal policy or custom and the alleged unconstitutional violation"). Thus, even had plaintiff correctly named the Village of Hempstead, rather than the police department, the allegations made in support of the claimed municipal policy are insufficient to survive the instant motion.

**E. Excessive Force and Qualified Immunity**

The Fourth Amendment prohibits police offers from using "excessive force in making an arrest, and whether the force used is excessive is to be analyzed under the Amendment's reasonableness standard." *Brown v. City of N.Y.,* 789 F.3d 94, 100 (2d Cir. 2015) (internal quotation marks and citation omitted). To determine whether a police officer's use of force is reasonable, the court considers the "totality of the circumstances faced by the officer," *Lennon v. Miller,* 66 F.3d 416, 425 (2d Cir. 1995), and applies an objective test, assessing the use of force "from the perspective of a reasonable officer on the scene," without regard to the underlying intent or motivation. *Graham v. Connor,* 490 U.S. 386, 396–97 (1989).

The Hempstead Defendants seek dismissal of the Amended Complaint under Rule 12(b)(6) for failure to state a valid claim for excessive force, claiming that the force used by Officer Cousins was "objectively reasonable." That motion is premised entirely upon the submission of more than 100 pages of trial and plea proceeding transcripts that appear to demonstrate that the plaintiff ran from the officer at the time of his arrest for driving a stolen car. *See* DE 68-1 at 8–10. As the Hempstead Defendants acknowledge, "'[a] police officer may use some degree of force when making an arrest, but the amount of force must be reasonably related

to the nature of the resistance and the force used, threatened, or reasonably perceived to be threatened, against the officer.'" *Id.* at 6 (quoting *Blond v. City of Schenectady*, No. 10-CV-0598, 2010 WL 4316810, at *5-6 (N.D.N.Y. Oct. 26, 2010)). The Court cannot possibly make the determination as to whether the level of force alleged in the Amended Complaint—assumed to be true for the purposes of this motion—was "reasonably related" to the nature of the resistance documented in the transcripts submitted. Such a determination *may* be appropriate upon summary judgment but certainly may not be made on a Rule 12(b)(6) motion, particularly where, as here, the plaintiff is proceeding *pro se*.

The cases relied upon by the Hempstead Defendants do not support their motion. Though repeatedly cited by counsel, the court in *Blond v. City of Schenectady* refused to dismiss an excessive force claim asserted by a plaintiff who acknowledged "being drunk and angry and to having broken out the window of the police car [because] he also claims to have been handcuffed and placed on the ground with two police officers on top of him at the time he was pepper sprayed." *Blond*, 2010 WL 4316810, at *6. Defendants also cite *Snall v. City of New York*, No. 97-CV-5204(ILG), 1999 WL 1129054, at *1 (E.D.N.Y. Oct. 19, 1999), *aff'd*, 242 F.3d 367 (2d Cir. 2000), in which the court entered *summary judgment* in favor of officer who had been knocked to the ground and was being beaten by subject with nightstick when firing a fatal shot. *Snall* is thus factually and procedurally distinguishable. *See Snall*, 1999 WL 1129054, at *8. Thus, the motion by the Hempstead Defendants to dismiss the excessive force claim is without basis.

A similar conclusion is warranted regarding the Hempstead Defendants' motion to dismiss on the basis of qualified immunity. As the Hempstead Defendants acknowledge, application of qualified immunity in this context also requires a determination whether "the use

of force is objectively unreasonable in light of the facts and circumstances." DE 68-1 at 10 (quoting *Hardy v. Plante*, 2009 WL 249787, at *5 (N.D.N.Y. Feb. 3, 2009) (finding defendants entitled to qualified immunity defense on summary judgment)). Such a determination cannot be made on the record before the Court and, in particular, at this juncture.[2]

Accordingly, the undersigned respectfully recommends that the motion to dismiss the excessive force claim against the Hempstead Department be denied.

**F. Leave to Amend**

In view of plaintiff's *pro se* status, the undersigned considers whether plaintiff should be afforded an opportunity to replead his claims as against the County as well as his municipal claims against the Hempstead Defendants. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). It is "within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200 (2d Cir. 2007). "A *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Grullon v. City of New Haven,* 720 F.3d 133, 139 (2d Cir. 2013); *see also Chavis v. Chappius,* 618 F.3d 162, 170 (2d Cir. 2010) (same); *Tract v. Freshwater,* 623 F.3d 90, 101 (2d Cir. 2010) ("the solicitude afforded to pro se litigants . . . embraces relaxation of the limitations on the amendment of pleadings"). Thus, the Court ought not dismiss a complaint for failure to state a claim unless it "can rule out any possibility, however unlikely it might be, that an amended

---

[2] Plaintiff nominally raises claims under the Fifth, Eighth and Fourteenth Amendments of the U.S. Constitution. The facts alleged in no way support viable claims under these amendments. Moreover, though plaintiff makes a passing reference to the New York State Constitution, no cause of action is asserted in this regard. *See* DE 68-1 at 9-12.

complaint would succeed in stating a claim." *Gomex v. USAA Fed. Savings Bank,* 171 F.3d 794, 796 (2d Cir. 1999) (per curiam). This is particularly true, where, as here, a *pro se* prisoner pursues a civil rights complaint. *See Thompson v. Carter,* 284 F.3d 411, 419 (2d Cir. 2002) ("The liberal pleading standards applicable to *pro se* civil rights complaints in this circuit require that the district court give [plaintiff] an opportunity to flesh out his somewhat skeletal complaints before dismissing them"); *Liner v. Fischer,* No. 11 Civ. 6711 (PAC)(JLC), 2013 WL 3168660, at *19 (S.D.N.Y. June 24, 2013); *see also Bobal v. Rensselaer Polytechnic Institute,* 916 F.2d 759, 763 (2d Cir. 1990) (holding the district court erred by refusing to afford plaintiff an opportunity to replead and stating "we have previously explained that a *pro se* plaintiff who brings a civil rights action should be freely afforded an opportunity to amend his complaint, even if he makes the request after the court has entered judgment dismissing [her] original complaint") (internal quotation marks and citations omitted).

Accordingly, out of an abundance of caution, the undersigned respectfully recommends that plaintiff be granted leave to amend his complaint within sixty (60) days of the date of the district court's decision to provide whatever additional facts that may exist to support his claims consistent with this Report and Recommendation.

**CONCLUSION**

Based on the foregoing, the Court respectfully recommends that County's motion to dismiss the Amended Complaint be GRANTED, and the motion by the Hempstead Defendants be GRANTED IN PART and DENIED IN PART as set forth herein. In particular, the matter should be dismissed against the Hempstead Police Department, as should all remaining claims other than the excessive force claims against defendant Cousins. In addition, the undersigned

respectfully recommends that plaintiff be given leave to file an amended complaint within sixty (60) days of the date of the district court's decision to address pleading deficiencies.

**OBJECTIONS**

A copy of this Report and Recommendation is being electronically served on counsel for the defendants. **Further, defendants are directed to serve a copy of this Report and Recommendation by mail upon plaintiff at his last known address and to file proof of service on ECF.** Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals.** *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir.2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") *cf.* *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). This is particularly true, where, as here, a party has been "warned of the consequences of not objecting to the Magistrate's findings." *Mejia, supra.*

Dated: Central Islip, New York
February 13, 2019

/s/ Gary R. Brown
Gary R. Brown
United States Magistrate Judge